UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. JAMES INCORPORATED f/k/a
ASC INCORPORATED,

       Debtor,                            Case No. 07-14142

v.                                            District Judge John Feikens
                                              Magistrate Judge R. Steven Whalen
AMERICAN SPECIALTY CARS
HOLDINGS, LLC,

       Appellant,

v.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ASC INCORPORATED

       Appellee.
_____/

## **REPORT AND RECOMMENDATION**

      Before the Court are *Motion of the Official Committee of Unsecured Creditors of ASC Incorporated to Dismiss Interlocutory Appeal* [Docket #5] and American Specialty Cars Holdings, LLC's, *Motion to Stay Adversary Proceeding Pending Appeal* [Docket #13]. These matters have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that American Specialty Cars

Holdings' Notice of Appeal [Docket #1], construed as a Motion for Leave to Appeal, be DENIED; that Official Committee of Unsecured Creditors of ASC's Motion to Dismiss [Docket #5] be GRANTED, dismissing this appeal; and that American Specialty Cars Holdings' Motion to Stay [Docket #13] be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2007, St. James Incorporated f/k/a ASC Incorporated ("St. James") filed a voluntary petition for relief under Title 11 of the United States Bankruptcy Code ,11 U.S.C. §§101-153, in the United States Bankruptcy Court for the Eastern District of Michigan. American Specialty Cars Holdings, LLC ("Holdings")(also St. James' parent company) asserted a claim as a secured creditor. On May 7, 2007, the Bankruptcy Court issued an order authorizing St. James to obtain post-petition financing from Comerica Bank. On May 9, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors of ASC Incorporated ("Committee"). The Committee objected to the court's financing order on the basis that the proposed financing would have the effect of validating Holdings' claim as a secured creditor, a position disputed by the Committee. On June 13, 2007, in response to the Committee's objections, the Bankruptcy Court issued a *Final Order Authorizing Post-Petition Financing and Granting Adequate Protection,* which included the following provision:

> "Notwithstanding anything else in this Order to the contrary, the Committee only shall have until August 13, 2007 to object ot the extent, validity, perfection and priority of Holding's pre-petition liens and claims"

*Bankruptcy No.* 07-48680, *Docket #233.*

On August 3, 2007, the Committee filed *Objection To Extent, Validity, Perfection And Priority Of Pre-Petition Liens And Claims* (*Id.*, *Docket #473*), as well as *Amended Complaint For Recharacterization Of Debt To Equity, (B) Equitable Subordination, (C) Avoidance And Recovery Of Fraudulent Transfers, (D) Recovery Of Illegal Dividend, and (E) Breaches Of Fiduciary Duties and Objection To Extent, Validity, Perfection And Priority Of Pre-Petition Liens And Claims* against the director(s) of St. James and Holdings. *Adversary Proceeding* No. 07-06171. On August 6, 2007, the Committee filed the *Motion Of The Official Committee Of Unsecured Creditors For Authorization to Commence Avoidance And Other Actions On Behalf Of The Debtor's Estate Nunc Pro Tunc To August 2, 2007,* requesting standing to pursue claims of St. James against Holdings.[1] *Bankruptcy No.* 07-48680, *Docket #480*. On August 17, 2007, Holdings filed a response to the August 6, 2007 motion for standing as well as a motion to strike the Committee's August 3, 2007 objections to pre-Petition liens and claims, contending, among other things, that the Committee failed to demonstrate a colorable claim.

On September 20, 2007 and September 24, 2007 respectively, the Bankruptcy Court issued *Order Granting Motion Of The Official Committee Of Unsecured Creditors For Authorization to Commence Avoidance and Other Actions On Behalf of the Debtor's Estate* ("Standing Order") and *Order Denying American Specialty Cars Holdings, LLC's Motion to Strike Objection to Extent, Validity, Perfection and Priority of Pre-Petition Liens and*

---

[1] The Committee later agreed that the language "on behalf of the Estate" could be stricken from its objection.

*Claims* ("Strike Order").

On October 1, 2007, Appellant Holdings filed a notice of appeal in this Court from the Bankruptcy Court's September 20 and September 24, 2007 orders [Docket #1]. On October 15, 2007, the Committee filed the present motion to dismiss [Docket #5]. Following its notice of appeal in this Court, on October 18, 2007, Holdings filed a motion in Bankruptcy Court to stay the September 20 and September 24, 2007 orders. On October 24, 2007, the Bankruptcy Court denied Holdings' motion, finding that its chances of success on appeal were "very low." *Docket #25-4*, pg. 19 of 39; *October 24, 2007 Transcript* at pg. 48. Holdings filed the present motion to stay in this Court on October 29, 2007 [Docket #13].

## II. APPLICABLE LAW

"Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from 'final judgments, orders, and decrees' of bankruptcy courts." *In re Smelser* 327 B.R. 815, 817 (E.D.Mich.,2005)(Zatkoff, J.). *Smelser* states further that "[f]or purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 817; *citing to In re Janna W. Cundiff,* 227 B.R. 476, 477 (6th Cir. BAP 1998)(citations and internal quotations omitted in original). "A final order of a bankruptcy court may be appealed as of right under § 158(a)(1)." *In re U.S. Truck Company Holdings, Inc.,* 341 B.R. 596, 599 (E.D.Mich.,2006)(Cleland, J.); *citing to Belfance v. Black River Petroleum, Inc. (In re Hess),* 209 B.R. 79, 80 (6th Cir. BAP 1997).

In contrast, "an appeal of a non-final judgment, order or decree in a bankruptcy case

also may be appropriate under 28 U.S.C. §158(a)(3) . . . in certain circumstances upon a motion for and the grant of leave to file" an interlocutory appeal. *Smelser,* at 817.

In the event a litigant seeking to appeal an interlocutory order improperly files a notice of appeal rather than a motion for *leave* to appeal, the district court may construe the notice of appeal as a motion for leave to appeal, provided that the notice of appeal is timely filed. Fed. R. Bankr. P. 8003(c); *See also In re Ragle,* 2007 WL 4259609, *4 (E.D.Ky. December 3, 2007). However, "'interlocutory bankruptcy appeals should be the exception, rather than the rule.'" *In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D.Mich.,2006) (Hood, J.); *In re PHM Credit Corp.,* 99 B.R. 762, 767 (E.D.Mich.1989)(Feikens, J.). In such circumstances, the district court, adopting the Sixth Circuit's standard for non-final appeals (*see PHM Credit Corp*, at 767) "may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re A.P. Liquidating Co.,* at 755; *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002)(internal citations omitted in original).

### III. ANALYSIS

**A. Holdings' Notice of Appeal Must be Construed as a Motion for Leave to Appeal**.

As a threshold matter, because the orders from which Holdings seeks appeal cannot be interpreted as ending the litigation "on the merits," Holdings' "notice of appeal" must instead be analyzed as a leave to appeal. *In re Janna W. Cundiff, supra,* 227 B.R. at 477; Fed. R. Bankr. P. 8003(c).

Holdings' alternative argument, pursuant to *In re Julien Co.,* 146 F.3d 420 (6th Cir. 1998), that it has been "aggrieved" by the non-final orders (thus conferring a appeal as of right) is also unavailing. In fact, *In re Julien Co.,* 146 F.3d at 423, states that "[o]nly when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal." *See also Fidelity Bank v. M.M. Group, Inc.,* 77 F.3d 880, 882 (6th Cir.1996). While the orders in question raise the *possibility* that Holdings' stake in the estate might be ultimately diminished, the authorization order and order denying Holdings' motion to strike at issue here, by themselves, cannot be construed to diminish the secured creditor's property. Although Holdings' argues that the orders potentially prevent it from receiving "the benefit of its bargain in the Final Financing Order," (*Docket #14 at 15*) the mere exposure to additional litigation in defending its claims does not confer "aggrieved person" status on Holdings. *In re First Cincinnati, Inc.*, 286 49, 53 (BAP 6th Cir. 2002).

Further, while Holdings cites *In re Berryman Products, Inc.,* 183 B.R. 463, 465 (N.D.Tex.,1995) for the proposition that a standing order is final "for purposes of appeal," or alternatively, suitable for interlocutory appeal, *Berryman* is distinguishable because the order there, issued *post-confirmation*, had the practical effect, unlike the procedural order

here, of "tak[ing] away rights reserved to appellant and, in effect, reassign[ing] those rights to appellee." *Id.* at 467.[2] More applicably, Committee cites *In re Adelphia Communs. Corp,* 2006 U.S. Dist. LEXIS 29741, 6-7 (S.D.N.Y. 2006), where the court rejected the argument that the appellee's standing to set forth claims in an adversary proceeding should be heard on appeal under the "collateral order doctrine," finding instead that "the sort of standing issues pressed . . . here can effectively be reviewed on appeal from final judgment."[3]

### B. The Court Should Not Assume Jurisdiction Over the Appeal of the Bankruptcy Court's Interlocutory Order.

Whether the Court should grant leave in an interlocutory appeal from a bankruptcy

---

[2] *Berryman* is also distinguishable because the court found that the issue at hand (unlike the present issue) met the requirements for interlocutory appeal set out in 28 U.S.C. § 1292(b):

> "The court is satisfied that the orders from which appeal is taken dispose of a discreet dispute within the larger bankruptcy case and are, therefore, final for purposes of appeal. Even if the orders were not final, the court would grant an interlocutory appeal in this action. The court is satisfied that a controlling issue of law is involved; that the issue is one where there is a substantial ground for difference of opinion; and that immediate appeal will materially advance the ultimate termination of the litigation."

*Berryman,* at 465.

[3] Committee, citing non-controlling authority, submits that dismissal is also required because Holdings seeks appeal of two orders but impermissibly filed only one notice of appeal. *Docket #5* at 12. Holdings contends that the September 24, 2007 Strike Order "was appealed only to the extent" that it "intersected" with the September 20, 2007 order authorizing the Committee to commence avoidance. *Docket #32* at 8. Because both the Standing and Strike Orders relate to the Committee's standing to dispute Holding's claims, the Court will discuss them in tandem.

court order is governed by the factors set out in 28 U.S.C. § 1292(b).

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . ."

28 U.S.C. § 1292(b). *In re City of Memphis,* 293 F.3d at 350; 28 U.S.C. § 1292(b) requires the presence of the following elements:[4]

### 1. A Controlling Question of Law

A legal issue can be deemed controlling "if it could materially affect the outcome of the case." *In re City of Memphis,* 293 F.3d at 351; *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169, 1172 FN8 (6th Cir.1992). However, factual determinations are not appropriate for interlocutory review. "A legal question of the type envisioned in §1292(b) . . . generally does not include matters within the discretion of the

---

[4]

*In re City of Memphis* cites *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) which parcels §1292(b) into four rather than three elements: "(1) The question involved must be one of 'law'; (2) it must be 'controlling'; (3) there must be substantial ground for 'difference of opinion' about it; and (4) an immediate appeal must 'materially advance the ultimate termination of the litigation.'" *Id.* at 446; 28 U.S.C. 1292(b).

trial court." *In re City of Memphis,* 293 F.3d at 351. "Interlocutory appeals are intended 'for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *Sanderson Farms, Inc. v. Gasbarro,* 2007 WL 3402539, *3 (S.D.Ohio 2007), quoting *In re Pilch,* 2007 WL 1686308, at *4 (W.D.Mich.2007). "An appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch* at *4.

An examination of the September 20, and 24, 2007 orders indicates that they are premised on the Bankruptcy Court's factual conclusions stated at a September 19, 2007 hearing. The Bankruptcy Court, citing *In re Gibson Group, Inc.,* 66 F.3d 1436, 1446 (6th Cir. 1995), in support of its finding that the Committee had a "colorable" claim, found that if the Committee's "claim for recharacterization of debt to equity, or the claim for equitable subordination is successful . . . those claims will benefit the estate very substantially and on any cost benefit analysis would be beneficial to the estate on balance in that it would benefit the unsecured creditors in this bankruptcy case substantially." *Docket #5-15*, 64 of 71, Exhibit L at transcript pg. 63. The Court also premised the "Standing Order" decision on the observation that "debtor's [St. James'] action in opposing the [C]ommittee's . . . motion for standing . . . is unjustified." *Docket #5-15*, 66 of 71, Exhibit L at transcript pg. 65. In addition, based on the fact that "the debtor is controlled by its parent Holdings which is the target of . . . the [C]ommittee's claims," the Bankruptcy Court found reasonably that "the debtor is conflicted." *Id.* at 67, 66.

More specifically, I disagree with Holdings' contention that the Bankruptcy Court

failed to perform an adequate cost benefit analysis as required by *In re Gibson Group, Inc., supra.* Citing *Gibson Group,* at 1446, the Bankruptcy Court stated as follows:

> "Holdings' current claim of a roughly $12,000,000 secured claim by all the remaining assets of the estate which include several million dollars of actual cash at last word would be reduced to at best a general unsecured claim to share pro rata with the other unsecured creditors essentially. And the – so the unsecured creditors that exist now who – whose total number some 20.8 million dollars according to debtor today, would benefit substantially by a successful conclusion to the claims that the committee seeks standing to assert."

*Docket #5-15*, 64-65 of 71, Exhibit L at transcript pg. 63-64. While Holdings appears to argue that *Gibson* required the Bankruptcy Court to conduct an elaborate and forensic-like investigation before making a cost benefit finding, *Gibson* contains no such requirement. The pertinent language of *Gibson* mandates a cost benefit analysis based "on affidavit and other submission, by evidentiary hearing or *otherwise*." *Id.* at 1446. (Emphasis added)[5] Here the Bankruptcy Court, discussing the amount of the secured and unsecured claims as well as the affidavit of the officer and director of St. James, performed an adequate analysis under *Gibson*.

---

[5]

*Gibson,* at 1446 states as follows:

"In order to decide whether the debtor unjustifiably failed to bring suit so as to give the creditors committee standing to bring an action, the court must also examine, on affidavit and other submission, by evidentiary hearing or otherwise, whether an action asserting such claim(s) is likely to benefit the reorganization estate."

I also disagree with Holdings' contention that the Bankruptcy Court misapplied the *Gibson* requirements for determining whether St. James breached its fiduciary duty. As discussed above, the Bankruptcy Court, conforming to the requirements of *Gibson*, at 1446, provided ample reasons for discounting the affidavit of Wallace Rueckle, officer and director of St. James. *Docket #5-15*, 66-67 of 71, Exhibit L at transcript pg. 65-66.

Finally, while Holdings contends that the Bankruptcy Court impermissibly authorized the Committee to pursue claims against Holdings "on behalf of the Estate," the September 19, 2007 hearing transcript indicates that Holdings and the Committee agreed that "on behalf of the Estate" could be stricken from the objection. *Docket #5-15*, 70-71 of 71, Exhibit L at transcript pgs. 69-70. Moreover, as noted above, Holdings' argument for dismissal of these claims could be brought in a motion to dismiss the Committee's claims in Bankruptcy Court. *Docket #25-4*, pg. 7 of 39, Exhibit A at transcript pg. 36.[6]

The Standing and Strike orders, based on the judge's factual conclusions, do not justify an interlocutory appeal. Although Holdings disagrees with the Bankruptcy Court's *factual* conclusions underpinning these orders, these conclusions do not present a *legal* question suitable for interlocutory review by this Court.

---

[6] On November 8, 2007, Holdings filed a Motion to Withdraw Reference in a separate action, contending that removal of the entire adversary proceeding to the District Court was appropriate. *Case No.* 07-14847. On November 13, 2007, the Honorable John Feikens, denying Holdings' motion without prejudice, found that "judicial economy is better served by permitting the Bankruptcy Judge to manage the pre-trial phase of this adversary proceeding, with this Court revisiting the issue of withdrawal if and when this matter is ready for trial." *Id.* at *Docket #2* at 2.

### 2. A Substantial Ground for Difference of Opinion

I also agree with Committee's argument that the controversy at hand amounts at best to a disagreement among parties, rather than "a disagreement regarding the law among the courts" requiring interlocutory review. *Docket #5* at 16; *In re Charlotte Comm'l Group, Inc.,* 2003 U.S. Dist. LEXIS 5392, at *8. Committee cites *In re Ionosphere Clubs Inc.,* 1999 WL 717291, *3 (S.D.N.Y. 1999), which states that "[i]n order to demonstrate that there is substantial ground for a difference of opinion, defendants must show that 'the issue is difficult and of first impression and involves more than just a strong disagreement among the parties.'" (Quoting *In re T.R. Acquisition Corp.,* No. M47, 95 B 41322, 1997 WL 51500, *2 (S.D.N.Y. 1997)). *Moran v. Official Committee of Administrative Claimants* WL 3253128, *4 (N.D.Ohio 2006), denying the interlocutory appeal of a "standing order," is instructive here: "Although there may be a difference of opinion as to whether a particular prong of *Gibson Group* was met, there is no difference of opinion regarding the applicability of *Gibson Group.* The difference of opinion prong of Section 1292 has not been met."

### 3. Material Advancement of the Ultimate Termination of the Litigation

Finally, allowing an interlocutory appeal of the Standing and Strike orders would delay, rather than advance the termination of this matter. The Bankruptcy Court, denying Holdings' motion to stay proceedings pending its appeal to this Court, observed that a district court determination and appeal to the Sixth Circuit would involve "a very long stay," of bankruptcy proceedings. *Docket #25-4*, pg. 8 of 39, Exhibit A at transcript pg. 37. In

response to Holdings' argument that its appeal to this Court was for the purpose of circumventing additional litigation, the Bankruptcy Court noted that absent an appeal, Holdings retained the option of filing a motion to dismiss, observing further that if "there's no stay granted and Holdings is concerned with keeping its expenses down, it . . . could simply file an answer with very little expense." *Id*. at pg. 7 of 39, transcript pg. 36. In addition to the §1292 factors cited above, Holdings has failed to establish that its appeal would advance the ultimate termination of litigation. *See Matter of PHM Credit Corp.*, *supra,* 99 B.R. 762, 768 (In addition to failure to meet the other elements required for an interlocutory appeal under Section 1292, "taking this interlocutory appeal now would cause considerable delay and increased expense.").

    **C. Having Found that Interlocutory Review is Inappropriate, the Motion to Stay Should be Denied.**

In deciding whether to grant Holdings' *Motion to Stay Adversary Proceeding Pending Appeal*, governed by Fed. R. Bankr. P. 8005, "the applicable considerations are substantially the same as those applicable to requests for temporary or preliminary injunctive relief." *In re Barnes,* 119 B.R. 552, 557 (S.D.Ohio1990). A court must consider: "1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; 2) whether the plaintiff has shown irreparable injury; 3) whether the issuance of a preliminary injunction would cause substantial harm to others; 4) whether the public interest would be served by issuing a preliminary injunction." *In re Barnes,* 119 B.R. 552, 557-558 (S.D.Ohio1990); *Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 102 (6th Cir.1982).

Most fundamentally, Holdings' claim of a likelihood of success founders on this Court's conclusion that interlocutory appeal is inappropriate here. In addition, Holdings has failed to establish a likelihood of success on the *substance* of its claims. As noted *supra* at **B.1.,** the Bankruptcy Court's fact-driven *Gibson* analysis is unlikely to be overturned on appeal.[7]

Likewise, Holdings has failed to demonstrate that the denial of its motion to stay would result in irreparable harm. In fact, as noted by the Bankruptcy Court, the contemplated appeal of the Standing motion would clearly delay, rather than hasten, a final resolution. In regard to the third and fourth factors in determining a motion to stay, Holdings has not articulated convincing "substantial harm to others" or public policy reasons for granting a stay. In addition and more obviously, Holdings' failure to meet either of the test's first two requirements mandates denial of the motion.[8]

## IV. CONCLUSION

---

[7] On October 24, 2007, the Bankruptcy Court, denying Holdings' motion to stay, found that Holdings' chances of success on appeal were "very low," opining further that "Holdings' view of the final financing order is plainly wrong." *Docket #25-4*, pg. 19-20 of 39; *October 24, 2007 Transcript* at pg. 48-49.

[8] Counsel for Holdings conceded at oral argument that the most Holdings would obtain would be a remand for the Bankruptcy Judge to "properly" apply the *Gibson* factors, particularly the "probability of success" as part of a cost benefit analysis. I note that in his order denying stay, the bankruptcy judge clearly and unambiguously addressed this issue adversely to Holdings. *See* FN 7. In effect then, this Court would be requiring the bankruptcy judge to perform a useless and redundant act.

For the reasons set forth above, I recommend that Appellant's *Notice of Appeal* [Docket #1], construed as a Leave to Appeal, be DENIED; that Appellees' *Motion to Dismiss* [Docket #5] be GRANTED, dismissing this appeal; and that Appellant's *Motion to Stay Adversary Proceeding Pending Appeal* [Docket #13] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2007