UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

ASC INCORPORATED,

    Debtor,
_____/

AMERICAN SPECIALTY CARS
HOLDINGS, LLC,

    Appellant,

v.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ASC INCORPORATED

    Appellee.
_____/

Civil Case No. 07-14142
District Judge John Feikens
Magistrate Judge R. Steven Whalen

**ORDER ADOPTING IN FULL THE REPORT AND RECOMMENDATION**

    I have before me Magistrate Judge R. Steven Whalen's Report and Recommendation. In his Report, Judge Whalen recommends (1) that I construe the Notice of Appeal filed by American Specialty Cars Holdings, LLC ("Holdings") as a Motion for Leave to Appeal and DENY the motion; (2) that I GRANT the motion to dismiss filed by The Official Committee of Unsecured Creditors of ASC Incorporated (the "Committee"); and (3) that I DENY Holding's Motion to Stay. For the reasons set forth below, I ADOPT IN FULL Judge Whalen's Report.

    On December 27, 2007, Judge Whalen issued his Report. Holdings filed its objections to the Report within the allotted ten day period and Committee filed its opposition to Holding's objections shortly thereafter. Holdings has set forth five objections to the Report and I will

1

address each one individually.

<u>Holdings' First Objection</u>: The Report erred by finding that the Bankruptcy Court had applied the cost benefit analysis required by the Gibson Test where the Bankruptcy Court did not consider the cost of litigation against Holdings and only considered the benefit.

Holdings bases this objection on the Sixth Circuit's decision in <u>In re Gibson Group</u>, 66 F.3d 1436 (6th Cir. 1995). In <u>Gibson</u>, the Court states that a creditor or creditors' committee may have standing to initiate an avoidance action where, inter alia, "a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court." <u>Id.</u> at 1446. Judge Whalen found that the Bankruptcy Court performed the necessary cost-benefit analysis and based his finding directly on a transcript of the proceedings at the Bankruptcy Court. In his report, Judge Whalen supported his finding by citing to the Bankruptcy Court's analysis: "[these] claims will benefit the estate very substantially and on any *cost benefit analysis* would be beneficial to the estate *on balance* in that it would benefit the unsecured creditors in the bankruptcy case substantially." Report and Recommendation at *9. The Court in <u>Gibson</u> does not demand that all of the costs and benefits be explicitly listed; it requires only a basic analysis in which costs and balances are considered. I agree with Judge Whalen that the analysis performed by the Bankruptcy Court meets this standard.

<u>Holdings' Second Objection</u>: The Report erred by finding that the Bankruptcy Court had properly applied the Gibson Test requirements regarding the debtor's breech of fiduciary duty where the Bankruptcy Court held the debtor breached by taking action required under the Gibson Test.

Holdings' second objection is also based on <u>Gibson</u>. Another requirement under <u>Gibson</u>

is a finding that ASC, Incorporated ("ASC") breached its fiduciary duty by failing to bring its own suit against Holdings. Gibson, 66 F.3d at 1446. Because the Committee has met the first three Gibson requirements, the ASC has the burden to prove that its inaction was justified. See Id. To satisfy this burden, ASC provided an affidavit from officer and director Wallace Rueckle ("Rueckle"). The Bankruptcy Court found that ASC did not meet its burden of proof, noting that the claims ASC could have pursued against Holdings would "benefit the estate very substantially" and that the ASC was "conflicted" based on the fact that "the debtor is controlled by its parent Holdings which is the target of ...the Committee's claims."

Judge Whalen found that the Bankruptcy Court correctly applied the Gibson test for determining whether ASC breached its fiduciary duty. I agree. It was appropriate for the Bankruptcy Court to consider ASC's conflict in weighing Rueckle's affidavit and there are more than adequate grounds for the Bankruptcy's Court's finding that ASC failed to prove that its inaction was justified.

Holdings' Third Objection: The Report erred by finding no substantial ground for difference of opinion as to the Gibson factors which were applied as Gibson itself relied on factors which the Bankruptcy Court did not consider.

An interlocutory appeal of a Bankruptcy Court decision may be appropriate if (1) the decision involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, (3) and immediate appeal of the decision may materially advance the ultimate termination of the litigation. See U.S.C. § 1292(b). Judge Whalen found that the second prong was not met because there was not substantial ground for difference of opinion regarding the applicability of the Gibson test. I agree with his finding. While the parties may

3

disagree on the outcome the factors favor, there is no question that the Gibson factors apply to the analysis of whether a creditor or creditors' committee has standing to instigate an avoidance action. Holdings' attempts to stir up a difference of opinion by looking at the case law upon which Gibson is based do not meet the standard.

<u>Holdings' Forth Objection</u>: The Report erred by finding that Holdings failed to establish that the appeal would advance termination of litigation.

Holdings argues that if it is successful on appeal, and the case is remanded with instructions for the Bankruptcy Court to apply "the correct Gibson factors," the adversary proceeding will be dismissed. Holdings' Objections at *10. This is speculative at best.

Judge Whalen found that an appeal would "delay, rather than advance the termination of this matter." Report and Recommendation at *12. He also noted that, even without an appeal, Holdings still has the option of filing a motion to dismiss the proceeding in the Bankruptcy Court. Id. at *13. Although Holdings' argument is plausible, I agree with Judge Whalen that Holdings has not established that its appeal would materially advance the ultimate termination of the litigation.

<u>Holdings' Fifth Objection</u>: The Report erred by finding that Holdings' Motion to Stay should be denied.

Holdings has filed a Motion to Stay Adversary Proceeding Pending Appeal. For the reasons stated above, I am denying Holdings' motion for leave to appeal. Without the appeal, there is no reason to stay the adversary proceedings. I find, therefore, that Judge Whalen was correct to recommend that I deny Holdings' motion to stay.

For the reasons set forth above, I ADOPT IN FULL Judge Whalen's Report and

Recommendation DENYING Holdings' Motion for Leave to Appeal and Motion to Stay the Adversary Proceedings Pending Appeal, and GRANTING the Committee's Motion to Dismiss the Interlocutory Appeal.

**IT IS SO ORDERED.**

Date:   February 26, 2008            s/John Feikens
                                     United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on February 26, 2008, by U.S. first class mail or electronic means.
>
>                              s/Carol Cohron
>                              Case Manager